Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 1 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.                      SECTION                    DIVISION

**CAROLYN BRINDELL, JOHN BRINDELL III,
CONNIE DUPAY, AND CHRISTOPHER BRINDELL,
Each Individually and on Behalf of Decedent JOHN BRINDELL JR.**

### VERSUS

**CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC., et al**

FILED: _____        _____
                                                                    DEPUTY CLERK

### PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

       The Petition of Carolyn Brindell, John Brindell III, Connie Dupay, and Christopher Brindell, the statutory heirs and wrongful death beneficiaries of Petitioner-Decedent John Brindell Jr., through their attorneys, states:

1.     Made Petitioners herein are:

    A.    **CAROLYN BRINDELL**, an adult resident citizen of the State of Louisiana, St. Tammany Parish, and the surviving spouse and statutory survivor of Decedent John Brindell, Jr. Mrs. Carolyn Brindell and Decedent John Brindell, Jr. were married at all times relevant to this petition, including his date of death.

    B.    **JOHN BRINDELL, III**, an adult resident citizen of the State of Louisiana, St. Tammany Parish, natural son and statutory survivor of Decedent John Brindell.

    C.    **CONNIE DUPAY**, an adult resident citizen of the State of Louisiana, St. Tammany Parish, natural daughter and statutory survivor of Decedent John Brindell.

    D.    **CHRISTOPHER BRINDELL**, an adult resident citizen of the State of Louisiana, St. Tammany Parish, natural son and statutory survivor of Decedent John Brindell.

1

E-Filed

EXHIBIT A

`2019-09716



Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

2. Made Defendants herein are:

   A. **PREMISES OWNER DEFENDANT:**

   1) **PORT OF NEW ORLEANS, LLC.**
      A limited liability company domiciled in Louisiana, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana.
      May be served through its registered agent for service of process:
      Pamala Bishop
      526 Andry Street
      New Orleans, Louisiana 70117
      This Defendant is being named for Premises Liability.

   B. **SUPPLIER/MANUFACTURER/SELLER/CONTRACTOR/DISTRIBUTOR /PRODUCT DEFENDANTS**

   2) **CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC.**
      A business corporation headquartered in Ohio, may be served via the Long Arm Statute at:
      United Agent Group, Inc.
      350 South Northwest Highway, #300
      Park Ridge, Illinois 60068
      This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

   3) **EAGLE, INC.** (f/k/a Eagle Asbestos & Packing Co., Inc. and Eagle Packing & Equipment Co.), a Louisiana Corporation, domiciled in Orleans Parish, which may be served through its registered agent for service of process: Susan B. Kohn
      1100 Poydras Street, 30th Floor
      New Orleans, Louisiana 70163
      This Defendant is being sued as a seller/supplier/contractor/distributor defendant.

   4) **EATON CORPORATION**
      A business corporation domiciled in the State of Ohio, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
      CT Corporation System
      3867 Plaza Tower Drive
      Baton Rouge, Louisiana 70816
      This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

   5) **GREAT DANE LLC (f/k/a Great Dane Limited Partnership)**
      A limited liability company domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
      Universal Registered Agents, Inc.
      1011 North Causeway Boulevard, Suite 3
      Mandeville, Louisiana 70471
      This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

   6) **HONEYWELL INTERNATIONAL INC., f/k/a Allied Signal Inc., Individually and as Successor in Interest to Allied Corporation as Successor in Interest to Bendix Corporation**
      A business corporation domiciled in New Jersey, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:

2

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 3 of 16

2019-09716



Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

Corporation Service Company
501 Louisiana Ave.
Baton Rouge, Louisiana 70802
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

7) **KELSEY-HAYES COMPANY**
A company domiciled in the State of Michigan, who has a Registered Agent who may be served via the Long Arm Statute at:
CSC – Lawyers Incorporating Service Company
601 Abbott Road
East Lansing, Michigan 48823
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

8) **LUFKIN INDUSTRIES, LLC**
A limited liability company domiciled in the State of Texas, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

9) **MERITOR, INC., Individually and f/k/a Arvinmeritor, Inc., f/k/a Meritor Automotive, Inc.**
A business corporation domiciled in the State of Nevada, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

10) **PNEUMO-ABEX CORPORATION**
A company domiciled in the State of New Jersey, who has a Registered Agent who may be served via the Long Arm Statute at:
Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808
This defendant is being sued as a seller/supplier/product/manufacturer defendant.

11) **STRICK TRAILERS, LLC**
A limited liability company domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

12) **TAYLOR-SEIDENBACH, INC.**
A corporation duly organized, created, and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 4 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

Orleans, Louisiana and may be served through its registered agent for service in the State of Louisiana:
Robert I. Shepard
731 South Scott Street
New Orleans, Louisiana 70119
This Defendant is being sued as a seller/supplier/contractor/distributor defendant.

### 13) UTILITY TRAILER MANUFACTURING COMPANY

A business corporation domiciled in the State of California, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

### 14) WILSON TRAILER COMPANY

A business corporation domiciled in the State of Iowa, who is authorized to do and doing business in Louisiana, and has a Registered Agent in Louisiana:
Business Filings International, Inc.
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

### C. INSURANCE DEFENDANTS

### 15) FIRST STATE INSURANCE COMPANY,

As the Insurer of Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc.
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

### 16) UNITED STATES FIDELITY AND GUARANTY COMPANY,

As the Insurer of Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc.
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

### BACKGROUND

3.  Decedent John Brindell Jr. was diagnosed with malignant mesothelioma on or about May 15, 2019, which was caused by and a consequence of his exposure to asbestos as set forth herein. As a direct and proximate result of the delictual conduct of the defendants, Decedent John Brindell Jr. contracted malignant mesothelioma and suffered physically, financially, mentally, and emotionally, before this painful asbestos-related disease ultimately caused his death on July 6, 2019. Petitioners have suffered financially, mentally and emotionally in witnessing intimately the suffering of their husband and father, and loss of the love, affection, society, support and services of Decedent and all other damages due them pursuant to Louisiana Civil Code article 2315.2.

4

E-Filed

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 5 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

Petitioners assert survival and wrongful death claims pursuant to Louisiana Civil Code articles 2315.1 and 2315.2.

4. Orleans Parish is a proper venue based on the following:

a. Orleans Parish is a proper venue for this matter pursuant to La. Stat. Ann. §22:1269B(1) because events, accident or injury occurred or in Orleans Parish. Orleans Parish is a proper venue for this matter pursuant to La. C. Civ. Proc. Art. 74 because Orleans Parish is where wrongful conduct occurred or where the damages were sustained.

b. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because the Defendants Eagle, Inc., and Taylor-Seidenbach Inc., are domestic corporations licensed to do business in this State and have designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish. Furthermore, Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 73, because each of the Defendants listed in Paragraph 2(A) contributed to Mr. John Brindell, Jr.'s exposure to asbestos, diagnosis of mesothelioma, and subsequent death, and therefore, each is solidarily liable to Petitioners with each of its co-Defendants, and Defendants Eagle, Inc. and Taylor Seidenbach Inc. have each designated their primary business office or primary place of business in Orleans Parish.

5. The damages sought by the Petitioners, exclusive of interest and costs, exceed the minimum jurisdictional limits of the court.

6. Petitioners specifically disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in, or on the grounds of, a federal enclave. Petitioners also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts or omissions of any and all federal officers, or committed at the direction of an officer of the United States Government.

7. Decedent John Brindell Jr. was occupationally exposed to injurious levels of asbestos while employed as a mechanic by Puerto Rico Marine Management ("PRMM") from approximately 1970 through 1984 at the Port of New Orleans in New Orleans, Louisiana. Throughout the course of Decedent John Brindell Jr's employment with PRMM, he worked with, used, handled, and/or was in the vicinity of others using or handling asbestos and/or asbestos-containing insulation,

5

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 6 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

equipment, and/or friction products, including but not limited to brakes, This work exposed him to dangerously high levels of asbestos fibers, which escaped into the ambient air of the work place, resulting in Decedent John Brindell Jr. breathing those fibers.

8. In connection with Decedent John Brindell Jr.'s work at the Port of Orleans as a mechanic for Puerto Rico Marine Management from approximately 1970 through 1984, Decedent suffered exposure to asbestos and asbestos-containing products which were designed, manufactured, sold, supplied, used and/or maintained at and/or to the Port of New Orleans by Defendants.

9. Before and during Decedent John Brindell Jr's exposure periods, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, used, supplied and/or sold asbestos-containing products for use at, including but not limited to the facility listed in Paragraph 7 above, from which the Decedent John Brindell Jr. was exposed to asbestos-containing products, friction materials, insulation, and other equipment that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos".

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11. Each of the defendants knew or should have known through industry and medical studies, the existence of which was unknown to Decedent John Brindell Jr. of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Decedent John Brindell Jr. and general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment, in order to sell or use asbestos or asbestos-containing products to avoid litigation by those who were injured from asbestos inhalation.

12. As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to asbestos as described above, Decedent John Brindell Jr. contracted malignant mesothelioma, caused by asbestos exposure. Decedent John Brindell Jr. was diagnosed with asbestos-related malignant mesothelioma on or about May 15, 2019. Mr. Brindell died on July 6, 2019. A cause of Mr. Brindell's contraction of asbestos-related malignant mesothelioma was exposure to asbestos

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 7 of 16

2019-09716

N
Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

as described above.

13. Because of the latency period between exposure to asbestos and the onset of cancer, and because of the concealment by some defendants of the causes and effects of exposure to asbestos, Decedent John Brindell Jr. did not know, nor could he have reasonably known, that his injuries were caused by his asbestos exposure until recently, which occurred less than one year prior to the filing of the instant Petition for Damages. Further, Petitioners have only recently discovered his injuries, not more than one year preceding the filing of this Original Petition for Damages.

14. In connection with his own work at the aforementioned job site(s), Decedent John Brindell Jr. inhaled great quantities of asbestos fibers as a result of his work experience, having neither knowledge or reason to believe that asbestos was dangerous. Further, Petitioners allege, as more specifically set out below, that Decedent suffered injuries proximately caused by his exposure to asbestos from asbestos-containing products designed, manufactured, distributed, utilized, and/or sold by Defendants. More specifically, on May 15, 2019, John Brindell, Jr. was diagnosed with malignant mesothelioma, a progressive, non-curable, and ultimately fatal cancer. On or about July 9, 2019, John Brindell, Jr. passed away as a result of his mesothelioma.

15. Decedent's death was due to or a consequence of his exposure to dust and fibers from asbestos and/or asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the Defendants. As a direct and proximate result of the delictual conduct of the Defendants, Petitioners have lost the love, affection, society, support, services of their father/husband, and bring these claims each individually on their own behalf for any/all other damages due pursuant to Louisiana Civil Code Article 2315.2, and assert this wrongful death action against Defendants.

### GENERAL NEGLIGENCE ALLEGATIONS (all Defendants)

16. On information and belief, all of the Defendants identified in Paragraph 2 above were responsible to provide Decedent John Brindell, Jr. ("Decedent") with warnings concerning hazardous conditions at their sites and/or their use of hazardous materials, and generally to provide

7

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 8 of 16

2019-09716

**N**

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

Decedent with safe premises in order to protect life health, safety, and welfare of Decedent, and had the following responsibilities:

  A.  Inspection, approval, and supervision of these various premises for hazards and vices that may present a hazard to Decedent;

  B.  To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

  C.  To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as Decedent;

  D.  To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

  E.  To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

  F.  To keep abreast of state-of-the-art-knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

  G.  To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was unnecessary, in order to prevent Decedent from being harmed by exposure to asbestos in the environment in which he was required to be present;

  H.  To make certain that Decedent was provided safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust; and

  I.  To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healy Act and Occupational Safety and Health Act.

17. Not only did defendants have the duties and responsibilities set forth in the foregoing paragraph, but they did actually undertake on an operational basis to perform said duties and fulfill said responsibilities, and they negligently failed to carry out those undertakings and assumed duties in the manner asserted in the paragraph below, and on information and belief, Defendants knew of

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 9 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

the dust laden atmosphere in which Decedent was required to enter, and work, which was damaging and dangerous to Decedent, and each knew or should have known of the dangers to Decedent's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioners allege that these defendants knew or should have known that the lung cancer sustained by Decedent could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

18. On information and belief, Defendants negligently failed in the performance of their responsibilities and/or actual undertakings to provide Decedent with safe premises and operations in the following particulars:

A. Failing to properly ventilate the area in which Decedent were required to enter in connection with their/his work;

B. Failing to warn or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Decedent's use;

C. Failure to institute safety procedures and plans for the adequate protection of Decedent;

D. Failing to warn Decedent of the dangers posed by the polluted atmosphere in which he/they were required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos;

E. Failing to enforce applicable safety rules after such rules were actually adopted;

F. Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, the occupational exposure to asbestos;

G. Failing to properly supervise operations;

H. Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations cause Decedent to be exposed to asbestos dust, without protections;

I. Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated by the U.

9

· 2019-09716



Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

J.   Failing to measure the levels of asbestos dust in the premises working environment.

19. The negligence of these defendants was a substantial factor and contributed in causing injuries and damages to Decedent and Petitioners.

### NEGLIGENCE AND STRICT LIABILITY ALLEGATIONS AGAINST MANUFACTURER/SELLER/SUPPLIER/CONTRACTOR/ DISTRIBUTOR/PRODUCT DEFENDANTS

20. The Defendants identified in Paragraph 2B above as manufacturers, sellers, contractors, distributors and/or suppliers of asbestos/asbestos-containing products were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products, or are professional vendors of asbestos or asbestos-containing products, or as a contractor, which were expected to and did reach Decedent's job site(s) where he was exposed to them.

21. The products manufactured, distributed, supplied, sold and/or used by these defendants were defective, and unreasonably dangerous per se to Decedent who was an intended and foreseeable user and bystander that was exposed to these products. These defects include, without limitation, the following:

A.   the manufacture, sale, supply and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

B.   manufacture, sale, supply and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in the Decedent's trade;

C.   lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D.   lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E-Filed

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 11 of 16

·2019=09716

N
Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

E.  failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F.  failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

G.  failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H.  failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I.  defects in the composition and construction of these products;

J.  failure to recall these products manufactured, sold and supplied;

K.  failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

L.  over-warranting the safety of these products; and

M.  are liable to Decedent and Petitioners in strict liability for things in their guard, possession, custody or control, pursuant to article 2317 of the Louisiana Civil Code that have caused harm to Decedent and Petitioners.

22. The defective conditions of defendants' products and fault, as noted above, are a cause of Decedent and Petitioner's injuries and damages complained of herein.

23. Petitioners also allege that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Decedent and Petitioner's injuries and damages.

### STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST PREMISES OWNER(S)

24. Premises Defendant Port of New Orleans L.L.C. is liable for Decedent's injuries and damages caused by its fault, in the form of strict liability and/or negligence as detailed herein, and in failing to provide Decedent with a safe place to work free from the dangers of respirable asbestos-containing dust.

11

E-Filed

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 12 of 16

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

25. The Premises defendant is liable to Decedent for the damages described in this Petition the following acts of negligence while Decedent was working within their respective work site(s):

   A. Failing to provide respiratory protection to the Decedent;

   B. Failing to provide safety equipment to Decedent;

   C. Failure to provide general ventilation in Decedent's work areas;

   D. Failing to provide local exhaust in Decedent's work areas;

   E. Failing to provide air free from airborne asbestos fibers in Decedent's work areas;

   F. Failing to provide Decedent with proper medical monitoring;

   G. Failing to educate Decedent of the hazards of asbestos;

   H. Failing to post warning or caution signs regarding the hazards of asbestos;

   I. Failing to implement wet methods to control the level of airborne asbestos fibers in Decedent's work areas;

   J. Failing to implement the use of asbestos-free materials; and

   K. Inducing Decedent to work in areas polluted with respirable asbestos fibers.

26. As a direct result of the aforementioned acts, Decedent inhaled and otherwise ingested asbestos fibers from the asbestos and asbestos-containing products present within his work sites, and as a direct result, Decedent and Petitioners suffered the injuries and damages complained herein.

27. During the course of the Decedent's work, Decedent John Brindell Jr. was exposed to asbestos and/or asbestos containing products, which were in the care, control and custody of these defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Decedent was exposed, which defect or vice was a cause in fact of Decedent's injuries described herein. Accordingly, these defendants are strictly liable to Decedent and Petitioners in accordance with Louisiana Civil Code article 2315 and 2317.

28. During the course of the Decedent's work, Decedent was exposed to asbestos released from these premises, which release was a cause in fact of Decedent's injuries described herein. Accordingly, these defendants are strictly liable to Decedent in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp*, 249 So.2d 133 (La. 1971).

12

E-Filed

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 13 of 16

2019-09716



Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

29. The premises owner defendant knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Decedent so as to obtain an unjust advantage for themselves over and at expense of Decedent or to cause loss or inconvenience to Decedent. This action or inaction by the defendants was a direct and proximate cause of the damages and injuries described herein.

## INSURANCE COVERAGE

30. Defendant FIRST STATE INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Defendant Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant FIRST STATE INSURANCE is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

31. Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G), on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Defendant Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G) is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

## DAMAGES

32. The conduct of Defendants, as alleged herein, was a direct, proximate and producing cause of the damages resulting from the development of Decedent John Brindell Jr's asbestos-related malignant mesothelioma, and subsequent death therefrom, and of the following general and special damages including:

    A. The conscious physical pain and suffering and mental anguish sustained by Decedent and Petitioners (past, present and future);

2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

B.  The physical impairment and disfigurement suffered by Decedent;

C.  Reasonable and necessary medical expenses incurred by Decedent;

D.  Funeral and burial expenses;

E.  All past, present, and future lost earnings and loss of earning capacity;

F.  Loss of consortium, love, affection, services, and society;

G.  Loss of quality of life;

H.  All damages caused by witnessing intimately the suffering of their husband and father; and

I.  All forms of relief or categories of damages allowed by Louisiana law against parties the law allows such claims to be alleged against, with interest, from the date of injury until paid, plus costs of these proceedings.

**WHEREFORE,** Petitioners demand judgment against the Defendants, and each of them, jointly, severally and/or *in solido* for all damages, for their costs expended herein, for judicial interest from the date of judicial demand, and for such other and further relief, both at law and in equity, to which Petitioners may show themselves justly entitled.

Respectfully submitted,
**THE CHEEK LAW FIRM LLC**

LINDSEY A. CHEEK, Bar No. 34484
Bridget B. Truxillo, Bar No. 36982
Jeanne L. St. Romain, Bar No. 36035
650 Poydras Street, Suite 2310
New Orleans, LA 70130
Telephone: 504-304-4333
Fax: 504-324-0629
LCheek@thecheeklawfirm.com
BTruxillo@thecheeklawfirm.com
JStRomain@thecheeklawfirm.com

-And-

**Simmons Hanly Conroy**
Melissa Schopfer, IL Bar No. 6285982
*PHV To Be Filed*
1 Court Street
Alton, Illinois 62002
Telephone: 618-259-2222
Fax: 618-259-2251
mschopfer@simmonsfirm.com
**COUNSEL FOR PETITIONERS**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

E-Filed

2019-09716



Section 8

## SERVICE INSTRUCTIONS

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONERS' ORIGINAL PETITION FOR DAMAGES:

1. **CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC.**
   May be served via the Louisiana Long Arm Statute:
   United Agent Group, Inc.
   350 South Northwest Highway, #300
   Park Ridge, IL 60068

2. **EAGLE, INC.**
   May be served through its registered agent for service of process:
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, LA 70163

3. **EATON CORPORATION**
   May be served through its registered agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

4. **GREAT DANE LLC (f/k/a Great Dane Limited Partnership)**
   May be served through its registered agent for service of process:
   Universal Registered Agents, Inc.
   1011 North Causeway Boulevard, Suite 3
   Mandeville, LA 70471

5. **HONEYWELL INTERNATIONAL, INC. f/k/a Allied Signal Inc., Individually and as Successor in Interest to Allied Corporation as Successor in Interest to Bendix Corporation**
   May be served through its registered agent for service of process:
   Corporation Service Company
   501 Louisiana Ave.
   Baton Rouge, LA 70802

6. **KELSEY-HAYES COMPANY**
   May be served via the Louisiana Long Arm Statute:
   CSC – Lawyers Incorporating Service Company
   601 Abbott Road
   East Lansing, MI 48823

7. **LUFKIN INDUSTRIES, LLC**
   May be served through its registered agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

8. **MERITOR, INC. (f/k/a Arvinmeritor, Inc., Meritor Automotive, Inc.)**
   May be served through its registered agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

E-Filed

Case 2:20-cv-01075-NJB-DMD Document 1-1 Filed 04/01/20 Page 16 of 16

·2019-09716

N

Section 8

FILED
2019 SEP 17 A 12:30
CIVIL
DISTRICT COURT

9. **PNEUMO-ABEX CORPORATION**
   May be served via the Louisiana Long Arm Statute on its registered agent:
   Corporation Service Company
   251 Little Falls Dr.
   Wilmington, DE 19808

10. **PORT OF NEW ORLEANS, LLC,**
    May be served through its registered agent for service of process:
    Pamala Bishop
    526 Andry Street
    New Orleans, LA 70117

11. **STRICK TRAILERS, LLC**
    May be served through its registered agent for service of process:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

12. **TAYLOR-SEIDENBACH, INC.**
    May be served through its registered agent for service of process:
    Robert I. Shepard
    731 South Scott Street
    New Orleans, LA 70119

13. **UTILITY TRAILER MANUFACTURING COMPANY**
    May be served through its registered agent for service of process:
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

14. **WILSON TRAILER COMPANY**
    May be served through its registered agent for service of process:
    Business Filings International, Inc.
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

15. **FIRST STATE INSURANCE COMPANY,** As the Insurer of Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc.
    Through the Louisiana Secretary of State:
    8585 Archives Avenue
    Baton Rouge, LA 70809

16. **UNITED STATES FIDELITY AND GUARANTY COMPANY,** As the Insurer of Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc.
    Through the Louisiana Secretary of State:
    8585 Archives Avenue
    Baton Rouge, LA 70809