## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**CAROLYN BRINDELL, et al.**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 20-1075**

**CARLISLE INDUSTRIAL BRAKE AND**               **SECTION: "G"(3)**
**FRICTION INC., et al.**

## ORDER AND REASONS

In this litigation, Plaintiffs Carolyn Brindell, John Brindell III, Connie Dupay, and Christopher Brindell ("Plaintiffs") allege that Decedent John Brindell, Jr. ("Decedent") was exposed to asbestos-containing products by several defendants in the above-captioned matter.[1] Before the Court is Plaintiffs' "Motion to Remand."[2] Defendant Utility Trailer Manufacturing Company ("Utility") opposes the motion to remand.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion to remand.

## I. Background

From 1970 to 1984, Puerto Rico Marine Management ("PRMM") allegedly employed Decedent as a mechanic at the Port of New Orleans.[4] Plaintiffs allege that Utility, Taylor-Seidenbach, Inc. ("Taylor"), Eagle Inc. ("Eagle"), and several other defendants in this case

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 12.

[3] Rec. Doc. 16.

[4] Rec. Doc. 1-1 at 5.

1

exposed Decedent to asbestos-containing products during Decedent's employment with PRMM.[5] Plaintiffs contend that exposure to asbestos causes irreparable lung damage, which may manifest itself via mesothelioma.[6] Plaintiffs note that Decedent was diagnosed with mesothelioma on May 15, 2019 and passed away on July 6, 2019.[7]

On September 17, 2019, Plaintiffs filed a petition in the Civil District Court for the Parish of Orleans against Utility, Taylor, Eagle, and Eagle's insurers—First State Insurance Company ("First State") and United States Fidelity and Guaranty Company ("Fidelity").[8] Plaintiffs bring negligence and strict liability claims against these defendants and several other defendant companies not pertinent for the instant motion.[9]

On April 1, 2020, Utility removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[10] Yet Utility acknowledges that Plaintiffs and four defendants— Taylor, Eagle, First State, and Fidelity—are Louisiana citizens for diversity purposes.[11] Nevertheless, Utility asserts that each non-diverse defendant's citizenship should be disregarded because each non-diverse defendant was improperly joined in order to defeat diversity jurisdiction

---

[5] *Id.* Plaintiffs listed the following additional companies as defendants in this matter: Port of New Orleans, LLC; Carlisle Industrial Brake and Friction, Inc.; Eaton Corporation; Great Dane LLC; Honeywell International, Inc.; Kelsey-Hayes Company; Lufkin Industries, LLC; Meritor, Inc.; Pneumo-Abex Corporation; Strick Trailers, LLC; and Wilson Trailer Company. *Id.* at 1–4.

[6] *Id.* at 6.

[7] *Id.*

[8] *Id.* at 1–4.

[9] *See generally id.*

[10] Rec. Doc. 1.

[11] *Id.* at 4. Although Port of Orleans, LLC and The Board of Commissions for the Port of Orleans were non-diverse defendants when the case was removed, "Plaintiffs do not dispute that they have agreed to voluntarily dismiss these defendants." Rec. Doc. 12-1 at 2 n.1.

in federal court.[12]

On May 1, 2020, Plaintiffs filed the instant motion to remand, arguing that the four non-diverse defendants were not improperly joined to defeat diversity jurisdiction.[13] On May 12, 2020, Utility filed an opposition to the motion to remand.[14] On May 28, 2020, with leave of court, Plaintiffs filed a reply memorandum in further support of the motion to remand.[15] On May 28, 2020, with leave of court, Utility filed a supplemental opposition to the motion to remand.[16]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

Plaintiffs make three principal arguments to demonstrate that Taylor and Eagle are properly joined in this litigation.[17] First, Plaintiffs argue that they have a "reasonable basis for recovery" against Taylor and Eagle.[18] In support, Plaintiffs point out that the Petition adequately pleads strict liability and negligence claims under Louisiana law against Taylor and Eagle.[19] Plaintiffs additionally point out that Decedent's former co-worker, Raymond Kain ("Kain"), testified in an affidavit that he directly witnessed Taylor and Eagle expose Decedent to asbestos from 1976 to 1981.[20] Taylor and Eagle supposedly acknowledge that they historically performed work with

---

[12] Rec. Doc. 1 at 6.

[13] Rec. Doc. 12.

[14] Rec. Doc. 16.

[15] Rec. Doc. 21.

[16] Rec. Doc. 23.

[17] Rec. Doc. 12-1.

[18] *Id.* at 6.

[19] *Id.* at 7.

[20] *Id.*

asbestos-containing materials at the locations where Decedent was exposed to asbestos.[21] Plaintiffs conclude that the above-mentioned allegations and evidence are sufficient to demonstrate a reasonable possibility of recovery against Taylor and Eagle.[22]

Second, Plaintiffs contend that Utility has not met its "heavy burden" of proving improper joinder.[23] The test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[24] According to Plaintiffs, "[t]o determine whether there is any reasonable possibility of recovery against the in-state defendants, district courts may conduct a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant[]."[25]

Plaintiffs contend that the Petition's allegations, in addition to Kain's affidavit, easily defeat a Rule 12(b)(6) motion to dismiss.[26] Plaintiffs note: "Utility practically concedes that Plaintiffs have adequately [pleaded] claims against [] Taylor[] and Eagle in their Original Petition, making no allegation that it fails to state a claim against these defendants."[27] Plaintiffs conclude that the Court "need not go beyond Plaintiffs' Original Petition to determine that their claim[s] against Taylor[] and Eagle have a sound factual and legal basis and that these defendants were properly joined."[28]

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[25] Rec. Doc. 12-1 at 8.

[26] *Id.* at 9–10.

[27] *Id.* at 10.

[28] *Id.*

Finally, Plaintiffs admit that "[i]n rare cases," even if the plaintiff's allegations survive a Rule 12(b)(6) analysis, the court may "pierce the pleadings and conduct a summary inquiry."[29] A "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude [a] plaintiff's recovery against the in-state defendant."[30] Plaintiffs argue that Utility does not point to evidence negating the possibility of Plaintiff recovering against Taylor and Eagle.[31] Instead, according to Plaintiffs, Utility merely contends that Plaintiffs lack sufficient evidence to bring any claims against Taylor and Eagle because the first person deposed in this matter could not testify that Taylor or Eagle exposed Decedent to asbestos.[32] Yet Plaintiffs note that they still have ample time to develop their state law claims against Taylor and Eagle.[33] Plaintiffs cite multiple district courts' opinions stating that improper joinder cannot be shown by "merely alleging a lack of evidence when [a] [p]laintiff is still developing the evidence against the in-state defendants."[34]

## B.   *Utility's Arguments in Opposition to the Motion to Remand*

Utility responds with three principal arguments to demonstrate that Plaintiffs may neither recover against Taylor nor Eagle.[35] First, Utility argues that the depositions of Taylor and Eagle's corporate representatives demonstrate that they are fraudulently joined.[36] Utility asserts that the

---

[29] *Id.*

[30] *Smallwood*, 385 F.3d at 573.

[31] Rec. Doc. 12-1 at 11.

[32] *Id.*

[33] *Id.* at 13.

[34] *Id.* at 11–13.

[35] Rec. Doc. 16.

[36] *Id.* at 2.

corporate representatives' depositions, which were conducted before the instant litigation began, demonstrate that neither Taylor nor Eagle performed asbestos-related work near Decedent from 1976 to 1981—the period in which Taylor and Eagle allegedly exposed Decedent to asbestos.[37] Utility points out that Taylor's corporate representative testified in a deposition that Taylor neither performed work on ships, the riverfront, nor the Port of New Orleans from 1976 to 1981.[38] Utility also points out that Eagle's corporate representative testified in a deposition that Eagle stopped using "Pabco asbestos-containing insulation in 1972"—four years before Decedent's purported exposure to asbestos.[39] Citing those two depositions, Utility concludes that Plaintiffs are unable to demonstrate a reasonable possibility of recovery against Taylor or Eagle.[40]

Second, Utility argues that Kain's affidavit does not establish a real possibility of recovery against Taylor or Eagle.[41] Utility argues that Kain does not state that his attestations in the affidavit are based on personal knowledge.[42] Certain attestations in Kain's affidavit allegedly cannot be based on personal knowledge—such as he "saw airborne asbestos dust from the work of Eagle and Taylor"—because a person cannot determine whether a material contains asbestos by simply looking at it.[43] Absent personal knowledge, Kain's attestations supposedly "amount to nothing more than inadmissible lay opinion evidence for which there is no requisite

---

[37] *Id.* at 2–5.

[38] *Id.*

[39] *Id.* at 5.

[40] *Id.* at 5, 7.

[41] *Id.* at 7.

[42] *Id.*

[43] *Id.* at 8.

foundation."[44] In any event, Utility maintains that Kain's affidavit may not constitute a "properly-perfected notarized affidavit" because it was notarized on April 29, 2020—the time period in which the Louisiana Governor ordered all Louisiana residents to not participate in non-essential activities.[45]

Finally, Utility argues that this case was not prematurely removed from state court.[46] Plaintiffs maintain that "Utility [prematurely] removed this case after a single witness—the first fact witness deposed in this case—did not testify that Decedent John Brindell, Jr., was exposed to asbestos" by Taylor and Eagle.[47] Utility counters that Plaintiff had more than six months to develop its case against Taylor and Eagle in state court.[48] Utility notes that Plaintiffs did not propound discover specifically to Taylor and Eagle while the case was in state court.[49] Plaintiffs instead supposedly served "Master Discovery" on all Defendants and "failed to identify any fact witnesses whatsoever."[50]

### C.   Plaintiffs' Arguments in Further Support of the Motion to Remand

Plaintiffs make three principal arguments in further support of their motion to remand.[51] First, Plaintiffs note that when a case involves multiple defendants, all defendants must consent

---

[44] *Id.* at 9.

[45] *Id.* at 9–12. Yet if the Court considers Kain's affidavit, Utility requests that the Court defer ruling on the instant motion until Kain's deposition can be taken. *Id.* at 12.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 13.

[49] *Id.*

[50] *Id.* Utility additionally argues that Plaintiffs demonstrated no intention to pursue claims against Taylor and Eagle while the case was in state court. *Id.* at 14.

[51] Rec. Doc. 21.

to or join the removal.[52] Plaintiffs argue that Utility's removal is procedurally defective because it did not obtain Taylor, Eagle, First State, and Fidelity's consent to removal.[53]

Second, Plaintiffs admit that in rare cases—where the plaintiff survives a Rule 12(b)(6) analysis but has "misstated or omitted discrete facts that would determine the propriety of joinder"— a district court may "pierce the pleadings and conduct a summary inquiry."[54] Utility claims that Plaintiffs "cherry-picked" Taylor and Eagle's deposition testimony.[55] For example, Utility asserts that Plaintiffs omitted deposition testimony in which Eagle's representative testified that Eagle stopped using Pabco's asbestos-containing materials in 1972—four years before Decedent's alleged exposure to asbestos.[56] Yet Plaintiffs note that deposition testimony states that Eagle only stopped using *Pabco's* asbestos-containing materials in 1972—not *all* asbestos-containing materials.[57] Accordingly, Plaintiffs conclude that they did not misstate or omit any discrete facts that would determine the propriety of joinder.[58]

Finally, Plaintiffs argue that Kain's affidavit was both properly notarized and based on personal knowledge.[59] Plaintiffs contend that Kain's affidavit, dated April 29, 2020, was executed in accordance with the Louisiana Governor's Proclamation, 37 JBE 2020.[60] Plaintiffs additionally

---

[52] *Id.* at 3.

[53] *Id.* at 4.

[54] *Id.*

[55] Rec. Doc. 16 at 1–2.

[56] *Id.* at 5.

[57] Rec. Doc. 21 at 6.

[58] *Id.* at 7.

[59] *Id.*

[60] *Id.*

contend that "nearly every paragraph of [] Kain's affidavit describes what he personally did and observed while working with Decedent." [61]

### D.   *Utility's Arguments in Further Opposition to the Motion to Remand*

Utility filed a supplemental opposition to Plaintiff's motion to remand.[62] In the supplemental opposition, Utility argues that Kain's affidavit was not properly notarized in accordance with the Louisiana Governor's Proclamation.[63] Utility points out the Proclamation requires the notary to "create[] an audio and visual recording of the performance of the notarization[.]"[64] Utility claims that the notary did not create an audio recording, which renders the notarization invalid.[65]

Utility also points out that the Proclamation requires the notary to "reasonably identif[y] the individual."[66] Yet Utility claims it is "undisputable that any effort Plaintiffs' counsel/notary may have taken to 'reasonably identify' the affiant is not reflected on the video, nor is there any audio recording of same."[67] For this reason, Utility concludes that the Court should reject Kain's purported affidavit.[68]

---

[61] *Id.* Plaintiffs also argue that they are in fact pursuing their claims against Taylor and Eagle. *Id.* at 8.

[62] Rec. Doc. 23.

[63] *Id.* at 3.

[64] *Id.* at 3–4.

[65] *Id.* at 4.

[66] *Id.*

[67] *Id.*

[68] *Id.* Utility also argues that the Court should consequently deny the motion to remand for lack of evidence or, alternatively, postpone ruling on the motion to remand pending Kain's deposition. *Id.* at 6.

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[69] Remand to state court is appropriate if the federal court lacks subject matter jurisdiction.[70] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[71] There is a "narrow exception" to the complete diversity requirement for situations involving improper joinder.[72] The improper-joinder exception "ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[73] Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[74] The party asserting improper joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[75]

### IV. Law and Analysis

The parties in this case lack complete diversity of citizenship because Plaintiffs and four

---

[69] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[70] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[71] 28 U.S.C. § 1332(a)(1).

[72] *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

[73] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citation omitted).

[74] *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (internal citation omitted).

[75] *Smallwood*, 385 F.3d at 574.

defendants—Taylor, Eagle, First State, and Fidelity—admittedly are Louisiana citizens.[76] Nonetheless, Utility contends that the Court has diversity jurisdiction over this matter because Plaintiffs improperly joined the four non-diverse defendants.[77]

The Fifth Circuit recognizes an "improper joinder" exception to the complete diversity requirement.[78] Improper joinder entails a plaintiff's inability to plead a cause of action against the non-diverse defendant in state court.[79] The test for improper joinder is "whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant."[80] Put another way, the district court must not have any reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant.[81]

To determine whether a plaintiff has a reasonable basis to recover against a non-diverse defendant, a district court "looks at the allegations contained in the complaint."[82] If a "plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder."[83] Yet in "rare" cases—where the plaintiff survives a Rule 12(b)(6) analysis but has "misstated or omitted discrete facts that would determine the propriety of joinder"—the district court "may, in its discretion, pierce the pleadings and conduct a summary inquiry."[84] The decision

---

[76] Rec. Doc. 1-1; Rec. Doc. 1.

[77] Rec. Doc. 16 at 2.

[78] *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018); *see also Smallwood*, 385 F.3d at 573.

[79] *Cumpian*, 910 F.3d at 219.

[80] *Id.* (quoting *Smallwood*, 385 F.3d at 573) (emphasis added).

[81] *Id.*

[82] *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

[83] *Id.*

[84] *Vigne v. Cooper Air Freight Servs.*, No. CV 19-1213, 2019 WL 2710502, at *4 (E.D. La. June 28, 2019)

to pierce the pleadings "lie[s] within the discretion of the trial court."[85]

In this case, the Court's first step is to determine whether the Petition adequately states strict liability or negligent claims against Taylor or Eagle under a Rule 12(b)(6) analysis. Utility does not dispute that the Petition adequately states strict liability and negligence claims against Taylor and Eagle under a Rule 12(b)(6) analysis.[86] Nor could Utility seriously argue that the Petition fails to state such claims against Taylor and Eagle. Plaintiffs explicitly bring strict liability and negligence claims against Taylor and Eagle for manufacturing, selling, distributing, and/or supplying asbestos-containing materials where Decedent was allegedly exposed to asbestos.[87] The Petition states that Taylor and Eagle knew or should have known—through industry and medical studies—of the health hazards inherent in their asbestos-containing materials.[88]

Based on such allegations, Plaintiffs state that Taylor and Eagle are strictly liable for Decedent's asbestos-related injury (mesothelioma) because their asbestos-containing products were both unreasonably dangerous as designed and unreasonably dangerous for not including a warning about the dangers of asbestos.[89] Plaintiffs additionally state that Taylor and Eagle were

---

(quoting *Smallwood*, 385 F.3d at 573).

[85] *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).

[86] Rec. Doc. 16.

[87] Rec. Doc. 1-1 at 10–13. "To prevail in an asbestos case, the plaintiffs must show, by a preponderance of the evidence, that the decedent was exposed to asbestos from the defendant's product, 'and that he received an injury that was substantially caused by that exposure.'" *Lucas v. Hopeman Bros.*, 2010-1037 (La. App. 4 Cir. 2/16/11), 60 So. 3d 690, 699 (quoting *Vodanovich v. A.P. Green Indus., Inc.*, (La.App. 4 Cir. 3/3/04), 869 So.2d 930, 932). "When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor in generating the plaintiff's harm." *Vodanovich*, 869 So.2d at 932.

[88] Rec. Doc. 1-1 at 6.

[89] *Id.* at 7, 10.

negligent under Louisiana law for failing to warn, failing to inspect products, and failing to use suitable substitutes.[90] These failures purportedly caused Decedent's exposure to asbestos, his mesothelioma, and his subsequent death.[91] In sum, the allegations in the Petition are sufficient to state strict liability and negligence claims against Taylor and Eagle. As noted above, Utility does not dispute that conclusion.

This Court notes that in "rare" cases—where the plaintiff survives a Rule 12(b)(6) analysis but "misstate[s] or omit[s] discrete facts that would determine the propriety of joinder"—a district court "*may*, in its discretion, pierce the pleadings and conduct a summary inquiry."[92] Stated differently, the Court may end the inquiry and remand the case once the Plaintiff survives a Rule 12(b)(6) analysis.[93] That is true even when the Plaintiff misstates or omits discrete facts that would determine the propriety of joinder.[94] Here, as previously noted, Plaintiffs survive a Rule 12(b)(6) analysis because the Petition adequately pleads strict liability and negligence claims against Taylor and Eagle. Therefore, the Court need not conduct a summary inquiry. Remand is appropriate.

In any event, a brief summary inquiry substantiates why remand is appropriate in this case. When conducting a summary inquiry, the Court (1) determines only whether the plaintiff may possibly recover against a non-diverse defendant[95] and (2) resolves all "contested issues of fact"

---

[90] *Id.*

[91] *Id.* at 6, 11.

[92] *Vigne*, 2019 WL 2710502, at *4 (quoting *Smallwood*, 385 F.3d at 573) (emphasis added).

[93] *See Cumpian*, 910 F.3d at 220.

[94] *See id.*

[95] *Id.*

in the plaintiff's favor.[96]

Here, Utility contends that Taylor and Eagle's corporate representatives testified in depositions that Taylor and Eagle did not expose Decedent to asbestos.[97] On the other hand, Plaintiffs note that Raymond Kain, an individual who worked with Decedent, attests in an affidavit that Taylor and Eagle exposed Decedent to asbestos from 1976 to 1981.[98] Utility argues that Kain's affidavit may not have been properly notarized.[99] But that issue is irrelevant because Kain's "affidavit" at minimum constitutes a declaration under 28 U.S.C. § 1746—which suffices during a summary inquiry in federal court.[100]

As demonstrated above, Plaintiffs and Utility both point to summary-judgment type evidence concerning whether Taylor and Eagle exposed Decedent to asbestos. This creates a disputed issue of fact which must be resolved in Plaintiffs' favor during a summary inquiry.

---

[96] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

[97] Rec. Doc. 16-1 at 51–55; Rec. Doc. 16-2 at 143–150.

[98] Rec. Doc. 12-6. Mr. Kain attests that he and Decedent "were present and exposed to asbestos from the maintenance work and insulation repair work performed by a variety of contractors, including, but not limited to, Eagle and Taylor." *Id.* This statement is based on Mr. Kain's personal knowledge.

[99] Rec. Doc. 23 at 3.

[100] *See Moses v. Zimmer Holdings, Inc.*, No. CIV.A. H-06-1350, 2007 WL 3036096, at *4 n. 13 (S.D. Tex. June 29, 2007); *Merced-Torres v. Merck & Co.*, 393 F. Supp. 2d 1299, 1302 n.1 (M.D. Fla. 2005); *see also* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

Further, the Court notes that when analyzing "improper joinder at the early stage of a case, it is error to use the no-evidence summary judgment standard because the determination is being made before discovery has been allowed." *Cumpian*, 910 F.3d at 220–21. "To prevail on its improper joinder claim, a 'defendant must put forward evidence that would *negate a possibility of liability* on the part of [the non-diverse defendant]." *Id.* (internal citations omitted) (emphasis added). Thus, any "lack of affirmative evidence is not fatal" to a plaintiff's claim. *Id.*

Here, even if the Court did not consider Kain's declaration, the Court's conclusion would not differ. Eagle's representative testified that Eagle stopped using *Pabco's* asbestos-containing materials in 1972—four years before Decedent's alleged exposure. Rec. Doc. 16-2 at 143–150. Yet that deposition testimony only states that Eagle stopped using *Pabco's* asbestos materials—not *all* asbestos materials. Thus, even without Kain's declaration, Utility has not provided evidence that would negate a possibility of Eagle's liability. Remand would be appropriate without Kain's declaration.

Accordingly, the Court's summary inquiry demonstrates that Plaintiffs have a *possibility* of recovery against Taylor and Eagle. Remand is appropriate under the summary-inquiry analysis as well.

### V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Carolyn Brindell, John Brindell III, Connie Dupay, and Christopher Brindell's "Motion to Remand"[101] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this ___9th___ day of June, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[101] Rec. Doc. 12.